Filed 2/25/21  P. v. Mendez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACQUELINE C. MENDEZ,<br><br>    Defendant and Appellant. | H046979<br>(Santa Clara County<br>Super. Ct. No. C1892782) |

Defendant Jacqueline C. Mendez pleaded no contest to assault by means of force likely to produce great bodily injury and attempted petty theft in exchange for a four-year prison sentence.  Consistent with the plea agreement, the trial court sentenced defendant to a four-year prison term.  On appeal, defendant's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We sent a letter to defendant notifying her of her right to submit a written argument on her own behalf on appeal.  She has not done so.

Finding no arguable appellate issue, we affirm.  We will provide "a brief description of the facts and procedural history of the case, the crime[] of which the defendant was convicted, and the punishment imposed," as required by *People v. Kelly* (2006) 40 Cal.4th 106, 110.  We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings.  (*Id*. at p. 124.)

# I. BACKGROUND[1]

During a June 5, 2018 VTA train ride, defendant yelled at other train passengers. She then approached the victim and hit her in the face multiple times. When the victim tried to call 9-1-1 on her cell phone, defendant tried to take the cell phone. Defendant was arrested immediately after the incident. The arresting deputy reported that she displayed "erratic and belligerent behavior" and yelled "incoherent things."

In June 2018, the Santa Clara County District Attorney charged defendant with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 1)[2] and attempted petty theft (§§ 664, 488; count 2). The complaint further alleged that defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i); 1170.12, subd. (c)(2)).

On August 8, 2018, defendant pleaded no contest to both counts and admitted the strike priors in exchange for a four-year prison sentence. The plea agreement also resolved probation violations in four other dockets.

At a March 14, 2019 sentencing hearing, the trial court imposed a four-year sentence on count 1 (the low term, doubled pursuant to the Three Strikes law) and a concurrent 30 days in county jail on count 2. In connection with count 1, the court imposed a $1200 restitution fine (§ 1202.4, subd. (b)) with an additional $1200 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); a $40 court operations assessment fee (§ 1465.8); a $30 criminal conviction assessment fee (Gov. Code, § 70373); and a $259.50 criminal justice administration fee to the county. (Gov. Code, § 29550). On count 2, the court imposed a $150 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment fee (§ 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The court stayed all fines and fees pending an ability-to-pay determination. The court awarded defendant a total of

---

[1] The facts are taken from the Sheriff's Office incident report.
[2] All further statutory references are to the Penal Code unless otherwise indicated.

564 days of presentence credits, consisting of 282 days of actual custody and 282 days of conduct credits. In the probation matters, the court terminated probation without further penalties.

Defendant timely appealed.

## II.	DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## III.	DISPOSITION

The judgment is affirmed.

               _____

               ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

DANNER, J.


*People v. Mendez*
H046979